W. M. HARRIS AND R. L. HARRIS v. C. COMOLLI AND B. F. COGGINS.

(Filed 30 December, 1929.)

Contracts A g—Contract in this case held not to be founded on agreement to work fraud on receiver and court.

Where under the terms of a contract certain creditors and stockholders of an insolvent corporation in the hands of a receiver agree to procure the sale by the receiver of the corporate property to the defendants for a sum sufficient to pay the costs of receivership and the liabilities of the corporation other than to the plaintiffs, and the defendants agree to buy in the property and to organize a corporation with a paid in capital stock in a certain amount and to issue to the plaintiffs stock in such corporation to an agreed amount, upon the procurement of the sale by the receiver and its confirmation by the court, and the release by the plaintiffs of their claims against the receiver as stockholders and creditors, and the payment of all other claims and costs by the receiver: *Held,* the contract was not founded upon an agreement to work a fraud on the receiver and the court, and the defendants may not maintain that it was void as against public policy on this ground.

APPEAL by defendants from *McElroy, J.,* at June Term, 1929, of CHEROKEE. No error.

Action to recover damages for the breach of a contract by which defendants agreed to organize and pay in the sum of $125,000 as the capital stock of a corporation, and to issue to plaintiffs shares of stock therein of the par value of $25,000, in payment for the interest of plaintiffs, as creditors and stockholders of the Regal Marble Company, in property which plaintiffs had procured the receivers of said Regal Marble Company to sell and convey to defendants, in accordance with their contract with defendants.

In their answer, defendants denied that they entered into the contract with plaintiffs as alleged in the complaint. They also alleged that the contract as set out in the complaint is based upon an illegal or immoral consideration, and that, therefore, no cause of action in favor of plaintiffs and against the defendants can be founded upon said contract.

The issues submitted to the jury were answered as follows:

1. Did the defendants enter into the contract with the plaintiffs as alleged in the complaint? Answer: Yes.

2. Was said contract based upon an illegal or immoral consideration as alleged in the answer? Answer: No.

3. Did defendants breach said contract as alleged? Answer: Yes.

4. What damages, if any, are plaintiffs entitled to recover of the defendants? Answer: $25,000.

From judgment on the verdict that plaintiffs recover of the defendants, and the surety on the bond given by them for the release of their property from the attachment levied in this action, the sum of $25,000, defendants appealed to the Supreme Court.

*J. D. Mallonee and Moody & Moody for plaintiffs.*
*S. W. Black and F. O. Christopher for defendants.*

CONNOR, J. There was evidence at the trial of this action tending to sustain the allegation in the complaint, which was denied in the answer, that plaintiffs and defendants entered into the contract as alleged in the complaint. The performance of said contract by the plaintiffs, and its breach by the defendants are not controverted. There was evidence in support of the findings by the jury that plaintiffs are entitled to recover of the defendants, as damages for their breach of said contract the sum of $25,000.

Defendants' contention upon their appeal to this Court is that plaintiffs have no right of action upon the contract alleged in the complaint, for that said contract upon its face is illegal because it is immoral and in violation of a sound public policy. Defendants contend that the con-

tract as alleged in the complaint contemplates a fraud on the receivers of the Regal Marble Company, and on the court by which the said receivers were appointed. They rely upon the principle that any agreement which tends to work a fraud or an imposition on a court of justice is void as against public policy. 13 C. J., p. 447, section 385.

The contention of the defendants was presented to the trial court by their demurrer *ore tenus* to the complaint, and also by their motion for judgment as of nonsuit at the close of all the evidence. Defendants excepted to the refusal of the trial court to sustain their demurrer *ore tenus,* and also to its refusal to sustain their motion for judgment as of nonsuit. Defendants also excepted to the instruction of the trial court to the jury that there was no evidence from which the jury could find that the contract as alleged in the complaint is illegal or immoral, and that the jury should answer the second issue "No." In this Court, defendants rely chiefly upon assignments of error based on these exceptions.

It is alleged in the complaint, and the evidence for the plaintiffs tended to show, that plaintiffs and defendants entered into a contract by which plaintiffs agreed to procure the sale by the receivers of the Regal Marble Company to the defendants, of the property of said company, then in the hands of said receivers, for a sum sufficient in amount to satisfy the claims of all the creditors of said company, except the plaintiffs, and to pay the expenses of the receivership; that said sum was ascertained from the receivers to be $17,750; and that said property, at the date of said contract, exceeded in value the sum of $40,000. By the terms of said contract, defendants agreed that upon the sale and conveyance to them by the receivers of the Regal Marble Company of the property of said company, then in their hands, they would pay to said receivers the sum of $17,750, and would thereafter organize a corporation with a capital stock of $125,000, which they would pay in cash, to which they would convey said property; upon the organization of said corporation, defendants agreed to issue to plaintiffs shares of stock therein of the par value of $25,000 in satisfaction of the interest of plaintiffs in the property of the Regal Marble Company.

Plaintiffs were creditors of the Regal Marble Company, holding claims against said company for a large amount; they were also stockholders of said company, owning and controlling, under a power of attorney, all the capital stock of said company. They had been authorized by the receivers to secure a bid for the property of said company, then in their hands, with the assurance that if the amount of said bid was sufficient for the satisfaction of the claims of all the creditors, except the plaintiffs, and for the payment of the expenses of the receivership, the said receivers would report the same to the court, with their

recommendation that same be accepted.    The receivers had assured plaintiffs that upon the acceptance of such bid by the court, and the payment of the amount of said bid to them, they would sell and convey the property of the Regal Marble Company to the plaintiffs, or to such person or persons as plaintiffs should direct, provided the plaintiffs released the receivers from all their claims upon them, as creditors or as stockholders.

After plaintiffs and defendants had entered into the contract alleged in the complaint, the plaintiffs advised the receivers that defendants would pay to them for the property of the Regal Marble Company, then in their hands, the sum of $17,750, and requested the receivers to report the bid of the defendants to the court, and ask that same be accepted. It was understood and agreed by and between plaintiffs and the receivers that plaintiffs would claim no part of said sum to be paid by the defendants for said property, as creditors of the company, but that said sum should be expended by the receivers in satisfaction of the claims of other creditors, and in payment of the expenses of the receivership. Plaintiffs did not inform the receivers of their agreement with defendants with respect to the organization of a corporation, and to the issuance to plaintiffs of shares of stock in said corporation.

The receivers reported the bid of the defendants to the Superior Court, and recommended that they be authorized by the court to accept same. Upon the assurance of the receivers that the said bid was sufficient in amount for the satisfaction of the claims of all the creditors of the Regal Marble Company, except plaintiffs, and for the payment of the expenses of the receivership, and that plaintiffs, both as creditors and as stockholders of the Regal Marble Company had requested that said bid be accepted, upon the agreement with the receivers, that they would claim no part of said sum as creditors, the court authorized the receivers to accept the bid of defendants, and upon the payment of the sum of $17,750 by defendants to sell and convey to them all the property of the Regal Marble Company, then in the hands of the receivers. The subsequent sale and conveyance by the receivers of said property to the defendants was approved and confirmed by the court.    The claims of all the creditors of the Regal Marble Company, except the plaintiffs, and all the expenses of the receivership, have been paid by the receivers out of the amount paid to them by defendants.    Plaintiffs have received nothing from the receivers either as creditors or as stockholders.    They released the receivers of all liability to them, both as creditors and as stockholders, and consented to the sale of the property of the Regal Marble Company to defendants, in consideration of defendants' agreement to organize a corporation with a paid-in capital stock of $125,000, which should take title to the property conveyed to

them by the receivers, and to issue to them shares of stock in said corporation of the par value of $25,000.

Defendants, after obtaining title to and control of the property of the Regal Marble Company, failed and refused to perform their contract with plaintiffs, with respect to the organization of the proposed corporation and the issuance of shares of stock therein to plaintiffs. They have sold said property to a stranger, receiving therefor the sum of about $45,000. They have refused to account with plaintiffs for or to recognize the interest in said property which plaintiffs have under the contract.

It is not alleged or contended by defendants that plaintiffs induced them to enter into the contract for the purchase of the property of the Regal Marble Company by means of fraud on them. They allege only that said contract was a fraud on the receivers and on the court. Neither the receivers nor the court has made this contention, although the pleadings in the action contain a full disclosure of the terms of the contract between plaintiffs and defendants. The contention of defendants in this case cannot be sustained. The contract as alleged in the complaint is not founded upon an agreement of plaintiffs and defendants to work a fraud on the receivers of the Regal Marble Company, or on the court, under whose supervision and orders said receivers had control of the property of said company; there was no evidence from which the jury could have answered the second issue in the affirmative; in the absence of such evidence the jury was properly instructed by the court to answer the second issue "No." The judgment is affirmed. There is

. No error.